AMERICAN NATIONAL ELECTRIC CORPORATION, PLAINTIFF v. POYTHRESS COMMERCIAL CONTRACTORS, INC. AND BROWN & JONES ARCHITECTS, INC., DEFENDANTS

No. COA03-794

(Filed 16 November 2004)

## Construction Claims— breach of contract—failure to comply with notice of delay provisions

The trial court did not err in a breach of contract action arising out of a construction project for a fire station by granting summary judgment in favor of defendant general contractor, because: (1) plaintiff electrical subcontractor could not surmount defendant's affirmative defense that plaintiff's claims were barred by its failure to comply with the notice provisions of the General Contract which were incorporated into the subcontract; and (2) although the "pay when paid" clause of the contract was unenforceable, it was severable from the rest of the contract and does not defeat the other portions of the contract such as the notice of delay provision when they are in no way dependent on the illegal provision.

AMERICAN NAT'L ELEC. CORP. v. POYTHRESS COMMERCIAL CONTR'RS, INC.

[167 N.C. App. 97 (2004)]

Appeal by plaintiff from amended order entered 21 April 2003 by Judge Ripley E. Rand in Wake County Superior Court. Heard in the Court of Appeals 17 March 2004.

*Moore & Van Allen, P.L.L.C., by Kevin M. Capalbo for the plaintiff-appellant.*

*Robert A. Brady for the defendant-appellee.*

ELMORE, Judge.

Poythress Commercial Contractors, Inc. (Poythress) was the general contractor on the Cary Fire Station No. 6 project (project), and American National Electric Corporation (ANE) was an electrical subcontractor. In September 1999, Poythress and ANE executed a subcontract (subcontract) by which ANE would supply all material and labor to perform certain electrical work on the project. Pursuant to the subcontract, Poythress prepared and delivered to ANE a Project CPM Schedule which provided that ANE would have 144 days in which to perform its electrical work under the subcontract. ANE agreed to perform its work pursuant to the Project CPM Schedule prepared by Poythress. Article 5 of the subcontract's Terms and Conditions provided that Poythress was obligated to direct both the timing and sequence of ANE's work. During the course of ANE's work on the project, Poythress made certain alterations to the schedule and sequence of ANE's work. ANE asserted that as a result, ANE was denied sufficient access to the project to perform the work it intended to perform, in the sequence in which ANE had agreed to perform it, such that ANE ended up being on the project for over 200 days.

In April 2000, ANE's president, Ron Thoreson (Thoreson), gave verbal notice to Poythress's project superintendent, Tom Seymour (Seymour), that ANE's work was being adversely impacted due to schedule and sequence changes. As soon as ANE's work on the project was completed, ANE provided Poythress with written notice of the amount of ANE's claim for damages, the basis for the claim, and documentation supporting the claim. ANE claims Poythress's changes to the scheduling and sequencing of ANE's work on the project caused "labor inefficiencies and loss of productivity" which damaged ANE in an amount not less than $52,025.00.

ANE filed a complaint against Poythress and Brown & Jones Architects, Inc., seeking damages for breach of contract.

AMERICAN NAT'L ELEC. CORP. v. POYTHRESS COMMERCIAL CONTR'RS, INC.

[167 N.C. App. 97 (2004)]

Poythress moved for summary judgment as to all counts in ANE's complaint against it. The trial court granted summary judgment in favor of Poythress. ANE appeals from that order granting summary judgment.

## I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). On appeal, the standard of review is (1) whether there is a genuine issue of material fact and (2) whether the movant is entitled to judgment as a matter of law. *See Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). The evidence presented is viewed in the light most favorable to the non-movant. *See Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

> A defendant who moves for summary judgment assumes the burden of positively and clearly showing that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. 'A defendant may meet this burden by: (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.'

*James v. Clark*, 118 N.C. App. 178, 180-81, 454 S.E.2d 826, 828 (1995) (quoting *Watts v. Cumberland County Hosp. System*, 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985), *reversed on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986)). In the present case, it appears the trial court granted summary judgment in Poythress's favor because it concluded ANE could not surmount Poythress's affirmative defense that ANE's claims were barred by ANE's failure to comply with the notice provisions of the General Contract, which provisions were incorporated into the subcontract by Articles 7 and 23 of the subcontract.

> Article 7 of the subcontract states, in relevant part, as follows:

> The Subcontractor agrees to be bound to the Contractor by the terms of the General Contract to the extent that it is applicable to this Contract and to assume toward the Contract all of

AMERICAN NAT'L ELEC. CORP. v. POYTHRESS COMMERCIAL CONTR'RS, INC.

·[167 N.C. App. 97 (2004)]

the obligations and responsibilities that the Contractor by that document assumes toward the Owner insofar as applicable to this Contract.

Article 23 of the subcontract states, in relevant part, as follows:

Claims for extra or altered work, changes, modifications, changed conditions, subsurface conditions or obstructions at the site, any Act of God, the elements, delays, equitable adjustments, and the damages resulting from requirements, acts or omission of the Owner or any third party, or from any cause beyond the control of the Contractor shall be governed by the provisions of the General Contract and the Contractor shall make payments to the Subcontractor on account of such claims only to the extent that the Contractor is paid thereof by the Owner.

Poythress contends that Articles 7 and 23 incorporate into the subcontract the notice provisions of Paragraph 8.3.2 of the general conditions of the General Contract between Poythress and the project's owner, the Town of Cary. Paragraph 8.3.2 in turn requires that claims for delay compensation must be made in accordance with Paragraph 4.3 of the General Contract. Paragraph 4.3 states that claims for delay must be made, in writing, to the project architect and owner within 21 days after the occurrence of any event giving rise to the claim or within 21 days after the claimant first recognizes the condition giving rise to the claim. ANE's president, Thoreson, admitted in his deposition testimony that ANE was aware that its work was being delayed in April 2000, but did not notify Poythress of its delay claim in writing until a letter dated 20 September 2000. Poythress therefore contends that ANE's failure to comply with these notice provisions of the General Contract necessarily defeats its claims. We agree.

"[T]he most fundamental principle of contract construction—[is] that the courts must give effect to the plain and unambiguous language of a contract." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 95, 414 S.E.2d 30, 34 (1992). The plain language of the contract in this case provides that the Subcontractor is bound to the Contractor under the same obligations as the Contractor is bound to the Owner. Those obligations bind the parties to a time certain during which notice of delay for compensation must be given. That time was not observed by ANE here, and thus ANE's complaint is defeated.

Poythress also contends that pursuant to Article 23 of the subcontract, Poythress shall only be liable to pay ANE for delay to the

extent that Poythress is paid for said delay by the project owner. ANE's president, Thoreson, admitted in his deposition testimony that Poythress was never paid for these delays by the owner.

Our General Statutes state that "[p]ayment by the owner to a contractor is not a condition precedent for payment to a subcontractor and payment by a contractor to a subcontractor is not a condition precedent for payment to any other subcontractor, and an agreement to the contrary is unenforceable." N.C. Gen. Stat. § 22C-2 (2003). "When a contract contains provisions which are severable from an illegal provision and are in no way dependent upon the enforcement of the illegal provision for their validity, such provisions may be enforced." *Rose v. Materials Co.*, 282 N.C. 643, 658, 194 S.E.2d 521, 532 (1973). We therefore conclude that the "pay when paid" clause of the contract is indeed unenforceable, but that it is severable from the rest of the contract and does not defeat the other portions of the contract, such as the notice of delay provision, which are in no way dependent on the illegal provision.

We agree with Poythress's argument that Articles 7 and 23 of the subcontract create an affirmative defense which ANE cannot surmount and which operates to bar ANE's claims, such that summary judgment was properly entered in favor of Poythress.

Affirmed.

Judges McCULLOUGH and BRYANT concur.