***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. A hearing before the deputy commissioner on defendant's Motion To Dismiss was held on December 17, 2004.
2. Plaintiff alleges in his Tort Claim Affidavit filed with the North Carolina Industrial Commission a negligence claim against the North Carolina Administrative Office of the Courts. Specifically, plaintiff alleges in his Affidavit that the Wake County Clerk of Court did not timely file a complaint.
3. By Order dated January 20, 2004 and served on the Industrial Commission and both parties, Senior Resident Superior Court Judge Donald W. Stephens provided that he had the complaint under review and that any delay in filing the complaint was attributable to the review and not the result of the Clerk of Superior Court.
4. Defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that plaintiff's allegations are not sufficient to establish negligence.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
3. Defendant's presentation of evidence converts its Rule 12(b) Motion To Dismiss into a Motion For Summary Judgment. Kemp v. Spivey,166 N.C. App. 456, 602 S.E.2d 686 (2004). A defendant who moves for summary judgment may meet the burden of positively and clearly showing that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law by: (1) proving that an essential element of the plaintiff's case is nonexistent; (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim; or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim. N.C. Gen. Stat. § 1A-1, Rule 56(c); American Nat. Elec. Corp. v.Poythress Commercial Contractors, Inc., 167 N.C. App. 97, 604 S.E.2d 315
(2004). Assuming that the Wake County Clerk of Court is subject to suit under the Tort Claims Act, Judge Stephens' Order establishes that there is not genuine issue of material fact in that any negligence in the failure to file plaintiff's complaint was his responsibility and not that of the Wake County Clerk of Court. Therefore, plaintiff cannot produce evidence to support that the Wake County Clerk of Court was negligent in any regard. Bolkir, 321 N.C. at 706, 365 S.E.2d at 898.
 *********** ORDER
The foregoing Findings of Fact and Conclusions of Law engender the following:
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER