The undersigned respectfully dissents from the majority's opinion affirming with modifications, Deputy Commissioner Phillip Holmes' May 7, 2009, Opinion and Award concluding that the Final Compromise Settlement and Release was not fair and just. The greater weight of the evidence, absent the provision regarding Plaintiff's resignation, establishes that the Final Compromise Settlement and Release agreement is enforceable and in this matter, is fair and just and in the best interest of all the parties as set forth below.
Plaintiff alleges that on January 15, 2008 she injured her back while working for Defendant-Employer. Defendants denied Plaintiff's claim for benefits. Following mediation on September 18, 2008, the parties entered into a mediated settlement agreement signed by all parties, including Plaintiff, in which Defendants agreed to pay $20,000.00 to Plaintiff, and Plaintiff agreed to resolve all issues under the Workers' Compensation Act. In addition, Plaintiff agreed to resign her employment with Defendant-Employer and execute a general release of all claims. In exchange for resigning her employment with Defendant-Employer and executing a general release, Defendants agreed to pay all mediators' fees associated with Plaintiff's claim.
During the mediation, Plaintiff was represented by counsel and voluntarily entered into the mediated settlement agreement. During the course of the mediation, Defendants offered to accept Plaintiff's claim as compensable and to return to a light duty job or the opportunity to settle her case on a lump sum basis. Plaintiff elected to settle her case on a lump sum basis rather than return to employment. Plaintiff fully understood all the terms and conditions of the *Page 19 
agreement, including the fact that she would receive payment of a lump sum of $20,000.00 and that she would resign her employment with Defendant-Employer effective immediately and execute a general release of all claims and receive. Plaintiff understood and agreed to resign her employment in exchange for payment of the mediator's fee. Libby McCraw attended the mediation and executed the settlement agreement on behalf of Defendants with the understanding that Plaintiff agreed to accept $20,000.00 in settlement of her Workers' Compensation and claim and further agreed to resign her employment and execute a general release in exchange for payment of the mediators' fee.
Compromise settlement agreements, including mediated settlement agreements, are governed by the principles of contract law.Chappell v. Roth, 353 N.C. 690, 548 S.E.2d 499, reh'gdenied, 354 N.C. 75, 553 S.E.2d 36 (2001). A mediated settlement agreement is a contract which may be enforceable by the parties regarding all matters over which the Industrial Commission has jurisdiction. N.C. Gen. Stat. § 97-17. The parties agreed to a settlement of this matter at mediation. That settlement was reduced to writing and that agreement is enforceable by the Industrial Commission. Lemley v. Coldvard Oil Company,157 NC App 99, 577 SE 2d 712 (2003). However, the Industrial Commission has no jurisdiction over matters outside of the Workers' Compensation Act and cannot, therefore, enforce any matters not covered by the Act. N.C. Gen. Stat. § 97-17. This does not prohibit the parties or limit their rights and ability to settle any other matters they desire.
While the Industrial Commission has no jurisdiction over the parties' agreement and settlement of the issue of her resignation and general release, the Industrial Commission may still enforce those provisions over which it has jurisdiction under general contract principals allowing unenforceable provisions of a contract to be severed from those provisions which are *Page 20 
enforceable. See 2nd Restatement Contracts § 184,American National Elec. Corp. vs. Poythress CommercialContractors, 167 NC App. 97, 604 S.E.2d 315 (2004). Therefore, the provision of the Settlement Agreement concerning Plaintiff's resignation should be severed from the mediated settlement agreement while the remaining provisions are enforceable. Id.
Pursuant to N.C. Gen. Stat. § 97-17(a), the Commission may only set aside a compromise settlement agreement when a party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake. In the case sub judice, there is insufficient evidence that there was error in the settlement agreement due to fraud, misrepresentation, undue influence, or mutual mistake. Id.
North Carolina Industrial Commission Rule 502(1) provides that only those agreements deemed fair and just and in the best interest of the parties will be approved. The greater weight of the evidence shows that Plaintiff was seeking temporary total disability benefits, potential medical expenses, and potential permanent partial disability benefits. Defendants denied Plaintiff's entitlement to any benefits under the Workers' Compensation Act. At the time of the mediation, if Plaintiff's claim were found compensable, she would have been entitled to $4,125.80 in temporary total disability benefits. As Plaintiff's claim was denied, the amount offered to and accepted by Plaintiff greatly exceeded benefits she would have been entitled to at the time of mediation, and the mediated settlement agreement meets the requirements for a compromise settlement agreement pursuant to Rule 502(1), absent the provision concerning Plaintiff's resignation.
For the foregoing reasons, I must respectfully dissent.
This the 22nd day of April 2010. *Page 21 
 S/___________________ STACI T. MEYER COMMISSIONER
 *Page 1