ANDRE M. KEE, EMPLOYEE, PLAINTIFF v. CAROMONT HEALTH, INC., EMPLOYER, SELF-INSURED, KEY RISK SERVICES, INC., THIRD-PARTY ADMINISTRATOR, CARRIER, DEFENDANTS

No. COA10-913

(Filed 4 January 2011)

**Workers' Compensation— settlement agreement—required language omitted—not enforceable**

A workers' compensation settlement agreement did not comply with the Industrial Commission rules where it did not contain explicit language that "no rights other than those arising under the provisions of the Workers' Compensation Act are compromised or released." Even if a resignation and release provision was severable from the agreement as a whole, as defendant contended, the Commission correctly refused to enforce the agreement.

Appeal by defendants from opinion and award entered 23 April 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 December 2010.

*The Sumwalt Law Firm, by Vernon Sumwalt, for plaintiff-appellee.*

*Cranfill Sumner & Hartzog LLP, by Lawrence M. Baker, for defendant-appellants.*

CALABRIA, Judge.

Caromont Health, Inc. ("Caromont") and Key Risk Services, Inc. (collectively "defendants") appeal an Opinion and Award of the North Carolina Industrial Commission ("the Commission") refusing to enforce defendants' mediated settlement agreement with Andre M. Kee ("plaintiff"). We affirm.

## I. Background

Plaintiff was employed as a Certified Nursing Assistant for Caromont. On 15 January 2008, plaintiff reported to Caromont that she had injured her back while turning a patient in a hospital bed. Caromont reported plaintiff's injury to the Commission on 21 January 2008. After the injury, plaintiff continued to work under light duty restrictions until she was taken out of work by her doctor on 16 June 2008. On that same day, plaintiff filed a Form 33 request for hearing with the Commission.

On 18 September 2008, plaintiff and defendants conducted a mediated settlement conference regarding plaintiff's injury. At the conference, defendants offered plaintiff two options: defendants were willing to either (1) accept plaintiff's claim as compensable and have her return to a light duty job or (2) pay plaintiff a lump sum settlement and require her to resign and release all of her employment rights. Plaintiff agreed to accept the lump sum settlement offer, and the parties each executed a mediated settlement agreement ("the settlement agreement").

In the settlement agreement, defendants agreed to pay plaintiff $20,000.00, and in return, plaintiff agreed to execute a standard compromise settlement agreement that complied with N.C. Gen. Stat. § 97-17. In addition, defendant agreed to pay the costs of the mediation and plaintiff agreed to pay all of her medical expenses. Finally, the settlement agreement stated that plaintiff "will resign and execute an employment release with her share of the mediation cost being consideration.[1]"

After the mediation conference was completed, defendants' counsel prepared a "Final Compromise Settlement Agreement and Release" and presented it to plaintiff. However, plaintiff refused to sign this agreement. Consequently, defendants filed a request with the Commission to enforce the settlement agreement on 19 January 2009.

---

1. This provision will subsequently be referred to as "the resignation and release provision."

A hearing on defendants' request to enforce the settlement agreement was conducted on 12 March 2009. After the hearing, Deputy Commissioner Phillip A. Holmes entered an Opinion and Award approving the settlement agreement on 27 May 2009. Plaintiff appealed to the Full Commission. On 23 April 2010, the Commission entered an Opinion and Award holding that the settlement agreement failed to comply with both statutory requirements and Industrial Commission rules. As a result, the Commission refused to enforce the settlement agreement. Defendants appeal.

## II. Standard of Review

This Court reviews an award from the Commission to determine: "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). "Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary findings." *Starr v. Gaston Cty. Bd. of Educ.*, 191 N.C. App. 301, 304-05, 663 S.E.2d 322, 325 (2008). "Moreover, findings of fact which are left unchallenged by the parties on appeal are presumed to be supported by competent evidence and are, thus conclusively established on appeal." *Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009) (internal quotations and citation omitted). The Commission's conclusions of law are reviewed *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

## III. Settlement Agreement

Defendants argue that the Commission erred by refusing to enforce the settlement agreement. Specifically, defendants contend that the Commission should have severed the resignation and release provision of the settlement agreement. Defendants argue that once this portion of the settlement agreement was severed, the settlement agreement fully complied with all statutory and Industrial Commission rule requirements. We disagree.

Initially, we note that "[c]ompromise settlement agreements, including mediated settlement agreements, are governed by general principles of contract law." *Lemly v. Colvard Oil Co.*, 157 N.C. App. 99, 103, 577 S.E.2d 712, 715 (2003) (internal quotations and citation omitted). Settlements between employers and employees in workers' compensation cases are authorized by N.C. Gen. Stat. § 97-17 (2009).

To make its purpose that the North Carolina Workmen's Compensation Act shall be administered exclusively by the North Carolina Industrial Commission effective, the General Assembly has empowered the said Industrial Commission to make rules, not inconsistent with this act, for carrying out the provisions of the act . . . . The North Carolina Industrial Commission also has the power to construe and apply such rules[, the construction and application of which] . . . ordinarily are final and conclusive and not subject to review by the courts of this State on an appeal from an award made by said Industrial Commission.

*Chaisson*, 95 N.C. App. at 473, 673 S.E.2d at 158 (internal quotations and citations omitted). Pursuant to this authority, the Commission has adopted rules that govern compromise settlement agreements under N.C. Gen. Stat. § 97-17. At issue in the instant case is Rule 502 (2)(e), which states, in relevant part:

No compromise agreement will be approved unless it contains the following language or its equivalent:

(e) That no rights other than those arising under the provisions of the Workers' Compensation Act are compromised or released.

Workers' Comp. R. of N.C. Indus. Comm'n 502(2)(e), 2010 Ann. R. N.C. 1030. In the instant case, the Commission made the following finding of fact:

28. In addition to finding that the Final Compromise Settlement Agreement and Release is not fair and just and in the best interests of all parties, the Full Commission further finds that the Mediated Settlement Agreement is not enforceable as a compromise settlement agreement because it does not meet the requirements of Industrial Commission Rule 502(2)(e) as "rights other than those arising under the provisions of the Workers' Compensation Act" were compromised and released in this settlement agreement. The language contained in and constituting a part of the Mediated Settlement Agreement itself that, "E-II (Employee-plaintiff) will resign and execute an employment release with her share of the mediation cost being consideration" shows that "rights other than those arising under the provisions of the Workers' Compensation Act" were compromised and released in this settlement agreement. The Full Commission is not waiving this Rule requirement.

Defendants do not dispute this finding of fact; instead, they argue that it is inconsequential that the settlement agreement violated Rule 502(2)(e). Defendants contend that the offending portion of the settlement agreement is severable from the agreement as a whole and "the Industrial Commission may still enforce those provisions over which it does have jurisdiction under general contract principles allowing unenforceable provisions of a contract to be severed from those provisions which are unenforceable." In support of their argument, defendants cite this Court's holding in *Am. Nat'l Elec. Corp. v. Poythress Commer. Contr'rs., Inc.*, 167 N.C. App. 97, 101, 604 S.E.2d 315, 317 (2004) ("When a contract contains provisions which are severable from an illegal provision and are in no way dependent upon the enforcement of the illegal provision for their validity, such provisions may be enforced." (internal quotations and citations omitted)) and Restatement (Second) of Contracts § 184 (1981) ("If less than all of an agreement is unenforceable . . . a court may nevertheless enforce the rest of the agreement . . . if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange.").

While defendants have cited to a correct principle of contract law, this severability principle is immaterial to the instant case. Even assuming, *arguendo*, that the resignation and release provision was severable from the remainder of the settlement agreement, the agreement would still not comply with Rule 502(2)(e). Rule 502(2)(e) explicitly states that a settlement agreement *must contain language* that "no rights other than those arising under the provisions of the Workers' Compensation Act are compromised or released." Workers' Comp. R. of N.C. Indus. Comm'n 502(2)(e), 2010 Ann. R. N.C. 1030. This language does not appear anywhere within the settlement agreement, whether or not it contains the resignation and release provision. In order to hold that the settlement agreement complied with Rule 502(2)(e), this Court "would be required to add language, rather than simply excise portions of the agreement[] which violate the [rule,]" and that is not the role of our courts. *Jackson v. Associated Scaffolders & Equip. Co.*, 152 N.C. App. 687, 691, 568 S.E.2d 666, 668-69 (2002).

The settlement agreement did not comply with Rule 502(2)(e). Although the Commission "has discretionary authority to waive its rules where such action does not controvert the provisions of the statute[,]" *Hyatt v. Waverly Mills*, 56 N.C. App. 14, 25, 286 S.E.2d 837, 843 (1982), it did not waive the enforcement of Rule 502(2)(e) in the

instant case. Therefore, the Commission appropriately refused, under its rules, to enforce the settlement agreement. This argument is overruled.

## IV. Conclusion

The settlement agreement did not comply with the rules established by the Commission, even if the resignation and release provision was severed from the settlement agreement. Consequently, the Commission correctly refused to enforce the agreement. Since the Commission's decision can be affirmed on this basis alone, it is unnecessary to address defendants' remaining arguments. The Commission's Opinion and Award is affirmed.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.