## BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[134 N.C. App. 65 (1999)]

PAMELA BRISSON AND DALLAS BRISSON, PLAINTIFFS v. KATHY A. SANTORIELLO, M.D., P.A., AND KATHY A. SANTORIELLO, M.D., DEFENDANTS

No. COA98-822

(Filed 6 July 1999)

### Statute of Limitations— medical malpractice—amendment to original complaint denied—action dismissed and refiled

The trial court erred by entering judgment on the pleadings for defendant in a medical malpractice action based upon the statute of limitations where plaintiffs' initial complaint did not comply with N.C.G.S. § 1A-1, Rule 9(j), defendants filed a motion to dismiss, plaintiffs filed a motion to amend and attached a proposed amended complaint, the trial court denied the motion to amend but allowed plaintiffs' to take a voluntary dismissal without prejudice prior to ruling on the motion to dismiss, plaintiffs refiled their complaint, and defendant's new motion for judgment on the pleadings based upon the statute of limitations was granted. N.C.G.S. § 1A-1, Rule 15(a) provides that a party may amend his pleading once as a matter of course before a responsive pleading is served and defendant had not filed any responsive pleading when plaintiffs filed their motion to amend and proposed amended complaint. Plaintiffs were not required to seek the court's permission to amend their complaint and the ruling prohibiting the amendment was error. The original complaint unquestionably gave notice of the transactions and occurrences plaintiffs sought to establish pursuant to the amended complaint, so that the amended complaint related back to the filing of the original and fell within the statute of limitations. This case can be distinguished from *Estrada v. Burnahm*, 316 N.C. 318, and *Robinson v. Entwistle*, 132 N.C. App. 519.

Appeal by plaintiffs from order entered 26 February 1998 by Judge Coy E. Brewer, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 24 February 1999.

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Charles George, and Law Office of Thomas M. Lavigne, by Thomas M. Lavigne, for plaintiffs-appellants.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendants-appellees.*

BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[134 N.C. App. 65 (1999)]

TIMMONS-GOODSON, Judge.

Pamela and Dallas Brisson ("plaintiffs") appeal from an order granting Kathy A. Santoriello, M.D., P.A. and Kathy A. Santoriello, M.D. ("defendants") judgment on the pleadings in plaintiffs' action for medical malpractice and loss of consortium. For the reasons given in the following analysis, we vacate the order of the trial court and remand for further appropriate proceedings.

On 27 July 1994, Dr. Santoriello, an OB/GYN practicing in Fayetteville, North Carolina, performed an abdominal hysterectomy on plaintiff Pamela Brisson. Several months after the surgery was conducted, plaintiff Pamela Brisson discovered an obstruction of her vaginal canal that prevented her from engaging in sexual intercourse. On 3 June 1997, plaintiffs filed a complaint against defendants alleging claims for medical malpractice and loss of consortium arising out of Dr. Santoriello's performance of the abdominal hysterectomy. However, the complaint did not comply with the following requirement of Rule 9(j) of the North Carolina Rules of Civil Procedure:

Any complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care . . . shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]

N.C.R. Civ. P. 9(j). Based on this omission, defendants filed a Rule 12(b)(6) motion to dismiss the complaint on 21 August 1997.

On 30 September 1997, plaintiffs filed a motion to amend their complaint and attached a Proposed First Amended Complaint that included the following allegation:

9. An expert, who is reasonably expected to qualify as an expert under Rule 702 of the Rules of Evidence, has reviewed plaintiff's medical care, and is willing to testify that said medical care does not meet the applicable standard of care, referenced in paragraph seven.

A hearing on defendants' motion to dismiss and plaintiffs' motion to amend was held before the Honorable D.B. Herring on 6 October

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[134 N.C. App. 65 (1999)]

1997. After hearing oral arguments of counsel, Judge Herring denied plaintiffs' motion to amend but allowed plaintiffs to take a voluntary dismissal without prejudice pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, prior to ruling on defendants' motion to dismiss.

Plaintiffs filed a notice of voluntary dismissal on 6 October 1997 and refiled their action on 9 October 1997. In their second complaint, plaintiffs included the appropriate Rule 9(j) certification. On 20 October 1997, defendants moved for entry of judgment on the pleadings on the grounds that the claims alleged in plaintiffs' complaint were barred by the applicable statutes of limitations and repose. Defendants noticed the matter for hearing at the 8 December 1997 civil session of Cumberland County Superior Court, and on 18 December 1997, Judge Herring entered an order continuing the hearing until 12 January 1998, based, in part, on Judge Herring's decision to recuse himself from the case.

By order entered 9 February 1998, Judge Orlando F. Hudson, Jr. granted defendants' motion for judgment on the pleadings, based on the court's determination that the statute of limitations barred plaintiffs' claims. Plaintiffs filed motions for relief under Rule 60(b) from the 6 October 1997 order of Judge Herring and the 9 February 1998 order of Judge Hudson based on excusable neglect. Both motions were denied, and plaintiffs appeal.

---

Plaintiffs bring forth three assignments of error on appeal. However, because plaintiffs have withdrawn two of their assignments of error, we need only address the one remaining, wherein plaintiffs contend that the trial court erred in granting defendants' motion for judgment on the pleadings. Plaintiffs argue that this ruling was error, because the causes of action alleged in the second complaint were not barred by the applicable statute of limitations. We agree.

Under Rule 12(c) of the North Carolina Rules of Civil Procedure, the trial court may, upon review of the pleadings, dispose of claims or defenses when their lack of merit is apparent on the face of the pleadings. *Terrell v. Lawyers Mut. Liab. Ins. Co.*, 131 N.C. App. 655, 659, 507 S.E.2d 923, 926 (1998). Judgment on the pleadings pursuant to Rule 12(c) is proper where all material questions of fact are resolved in the pleadings, and only issues of law remain. *Id.* In deciding a motion for judgment on the pleadings, the trial court must consider the facts and permissible inferences in the light most favorable to the

BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[134 N.C. App. 65 (1999)]

non-moving party, accepting all well-pleaded factual allegations of the non-moving party as true. *Id.* If, after undertaking such an examination, the court determines that the moving party is entitled to judgment as a matter of law, entry of judgment on the pleadings in favor of the moving party is appropriate. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987).

A motion for judgment on the pleadings under Rule 12(c) is an appropriate vehicle for dismissing claims barred by the statute of limitations. *Aetna Casualty and Surety Co. v. Anders*, 116 N.C. App. 348, 447 S.E.2d 504 (1994). Section 1-15(c) of the North Carolina General Statutes is the statute of limitations applicable to claims for medical malpractice and provides that such claims must be brought within three years of the last negligent act of the defendant-physician. N.C. Gen. Stat. § 1-15(c) (1996).

In the present case, Dr. Santoriello performed the abdominal hysterectomy surgery about which plaintiffs complain on 27 June 1994. Plaintiffs filed their original complaint for medical malpractice and loss of consortium on 3 June 1997, well within the three-year statute of limitations period. This complaint, however, failed to comply with the Rule 9(j) certification requirement. Therefore, defendants filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. Plaintiffs, operating under the erroneous belief that they needed to obtain leave of court to amend their complaint, filed a motion to amend and a Proposed First Amended Complaint that fully complied with the Rule 9(j) certification requirement. The trial court denied plaintiffs' motion to amend, and we hold that this ruling was incorrect.

Rule 15(a) of the North Carolina Rules of Civil Procedure provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served." N.C.R. Civ. P. 15(a). For purposes of this rule, a Rule 12(b)(6) motion to dismiss is not a "responsive pleading" and, thus, "does not itself terminate plaintiff's unconditional right to amend a complaint under Rule 15(a)." *Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987).

In the instant case, defendants had not filed any responsive pleading when plaintiffs filed their motion to amend and Proposed First Amended Complaint. Therefore, plaintiffs were not required to seek the court's permission to amend their complaint, and the court's rul-

ing prohibiting such an amendment was error. The question then becomes whether plaintiffs' amended complaint relates back to the filing of the original pleading. We hold that it does.

Rule 15(c) of the North Carolina Rules of Civil Procedure governs whether an amendment will be deemed to have been filed at the time of the original pleading:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C.R. Civ. P. 15(c). Thus, where the original complaint gave defendants sufficient notice of the events to be established pursuant to the amended complaint, the amendment relates back to the original complaint. *Bowlin v. Duke University*, 119 N.C. App. 178, 457 S.E.2d 757 (1995).

Unquestionably, the original complaint in the present case gave notice of the transactions and occurrences plaintiffs sought to establish pursuant to the amended complaint. From the original complaint, defendants were notified that plaintiffs' medical malpractice and loss of consortium claims were based on Dr. Santoriello's allegedly negligent performance of Pamela Brisson's abdominal hysterectomy. Indeed, the amended complaint varied from the original only by its inclusion of the Rule 9(j) certification. Accordingly, we hold that the amended complaint related back to the filing of the original and, thus, fell within the statute of limitations.

When the trial court denied their motion to amend, plaintiffs took a voluntary dismissal on 6 October 1997 and refiled their action on 9 October 1997. Defendants, in their motion for judgment on the pleadings, argued that the causes of action alleged in plaintiffs' second complaint were time-barred under section 1-15(c) of the General Statutes. Plaintiffs, on the other hand, argued that by taking a voluntary dismissal under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, they were entitled to an additional year after the date of dismissal within which to refile their claims; therefore, the second complaint was timely filed.

Plaintiffs rely on the one-year "saving provision" of Rule 41(a)(1), which reads as follows:

BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[134 N.C. App. 65 (1999)]

> If an action commenced within the time prescribed therefore, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal.

N.C.R. Civ. P. 41(a)(1). Defendants contend, however, that the case currently before us is indistinguishable from our Supreme Court's holding in *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986), and this Court's recent decision in *Robinson v. Entwistle*, 132 N.C. App. 519, 512 S.E.2d 438 (1999). Defendants, therefore, argue that plaintiffs may not take advantage of the "saving provision," because their original complaint did not comply with the pleading requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. Contrary to defendants' contention, we hold that *Estrada* and *Robinson* are inapposite to the present set of facts and, thus, the trial court erred in granting defendants' motion for judgment on the pleadings.

In *Estrada*, the plaintiff underwent an embolectomy operation on 18 June 1979 to address complications arising from an earlier surgery. The operation was unsuccessful, and on the following day, the plaintiff's left leg was amputated below the knee. On 18 June 1982, at 4:28 p.m., the plaintiff filed an unverified "bare bones" complaint alleging that the surgeon who performed the embolectomy operation did so negligently and that the plaintiff suffered damages as a result. The complaint, however, failed to allege facts concerning the specific manner in which the defendant was negligent. At 4:30 p.m., two minutes after the original complaint was filed, the plaintiff filed a notice of voluntary dismissal purporting to dismiss the claim under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. The three-year statute of limitations expired the following day, on 19 June 1982. The plaintiff's counsel did not serve the summons and complaint or notice of dismissal on the defendant.

On 16 June 1983, the plaintiff filed a second unverified complaint for medical malpractice against the defendant, and the defendant was served with a summons and the second complaint on 14 July 1983. The defendant filed a motion to dismiss the complaint under Rule 12(b)(6) on the ground that the action was barred by the applicable statute of limitations. It was after this motion was served that the defendant learned that, one year earlier, plaintiff had filed and voluntarily dismissed a complaint for damages arising out of the same set of facts. Following a hearing, the trial court granted the

defendant's motion to dismiss and dismissed the plaintiff's action with prejudice. The plaintiff appealed the ruling to this Court, and we reversed the order of dismissal. The defendant appealed to the Supreme Court, which reversed our decision and reinstated the order of dismissal.

In his brief before the Court, the plaintiff candidly admitted that the 1982 complaint " 'was filed with the intention of dismissing it in order to avoid the lapse of the statute of limitations.' " *Estrada,* 316 N.C. at 322, 341 S.E.2d at 541. During oral argument, the plaintiff's counsel conceded that, when the original complaint was filed, " '[the plaintiff] did not intend at that point in time to prosecute a legal action against the [defendant-doctor].' " *Id.* at 323, 341 S.E.2d at 542. In light of these facts, the Court framed "the dispositive question" as follows:

> whether a plaintiff may file a complaint within the time permitted by the statute of limitations for the sole purpose of tolling the statute of limitations, but with no intention of pursuing the prosecution of the action, then voluntarily dismiss the complaint and thereby gain an additional year pursuant to Rule 41(a)(1).

*Id.* at 323, 341 S.E.2d at 542. The Court answered this question in the negative and articulated the following reasoning for its decision:

> The Rules of Civil Procedure represent a carefully drafted scheme, modeled after the Federal Rules of Civil Procedure, "designed to eliminate the sporting element from litigation. . . . [T]he rules should be construed as a whole, giving no one rule disproportionate emphasis over another applicable rule." Although it is true that Rule 41(a)(1) does not, on its face, contain an explicit prerequisite of a good-faith filing with the intent to pursue the action, we find such a requirement implicit in the general spirit of the rules, as well as in the mandates of Rule 11(a). Construing the rules as a whole, we hold that Rules 41(a)(1) and 11(a) must be construed *in pari materia* to require that, in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year "extension" by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading, including Rule 11(a). A pleading filed in violation of Rule 11(a) should be stricken as "sham and false" and may not be voluntarily dismissed without prejudice in order to give the pleader the benefit of the "saving" provision of Rule 41(a)(1). A second complaint, filed in

BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[134 N.C. App. 65 (1999)]

reliance on the one-year "extension" in such a situation, is subject to dismissal upon appropriate motion by the adverse party upon grounds that the new action is time-barred.

*Id.* at 323-24, 341 S.E.2d at 542.

In *Robinson*, the decedent, William J. Robinson, died on 18 August 1994, and on 12 August 1996, the plaintiff, as executrix of Robinson's estate, filed an order extending the statute of limitations for bringing a medical malpractice action until 1 September 1996. On 30 August 1996, the plaintiff filed a complaint alleging that the defendants were negligent in treating the patient, but the pleading did not include a Rule 9(j) certification. Before defendants filed a responsive pleading, plaintiff amended her complaint to include a statement which purportedly complied with Rule 9(j). However, it was later determined that the amendment was also flawed, "because it alleged that the medical care was reviewed by an expert who did not qualify under Rule 702 to testify as to the standard of care applicable to the defendants in this action." *Robinson*, 132 N.C. App. at 522, 512 S.E.2d at 440.

On 21 April 1997, the plaintiff voluntarily dismissed the amended complaint pursuant to Rule 41(a)(1) and refiled the action on 6 June 1997. The defendants filed motions to dismiss for failure to comply with Rule 9(j), for judgment on the pleadings pursuant to Rule 12(c), and for summary judgment. The trial court denied the motions to dismiss and for judgment on the pleadings on the grounds that the new complaint complied with the requirements of Rule 9(j). However, the court granted defendants' motion for summary judgment finding that the plaintiff's action was barred by the relevant statute of limitations. On appeal, this Court affirmed, holding that "Rule 41(a)(1) is only available in an action where the complaint complied with the rules which govern its form and content prior to the expiration of the statute of limitations." *Id.* at 523, 512 S.E.2d at 441.

*Estrada* and *Robinson* can be distinguished from the present case by the fact that, here, plaintiffs filed an amended complaint containing the mandatory Rule 9(j) verification that related back to the filing of the original complaint. Moreover, there was no evidence that plaintiff filed their original complaint solely for the purpose of tolling the statute of limitations or that they otherwise acted in bad faith so as to prevent them from taking advantage of the Rule 41(a)(1) "saving provision." Thus, insofar as plaintiffs filed an amended complaint that "complied with the rules which govern its form and content prior to

the expiration of the statute of limitations," *id.*, we hold that plaintiffs were entitled to the benefit of the Rule 41(a)(1) extension. Plaintiffs' second complaint, therefore, was not barred by the statute of limitations, and the trial court erred in entering judgment on the pleadings in favor of defendants.

Based upon the foregoing, we reverse the order entering judgment for defendants and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.

Judges MARTIN and HUNTER concur.