LARRY E. JACKSON, Administrator of the Estate of JEREMY SCOTT JACKSON, Plaintiff v. ASSOCIATED SCAFFOLDERS AND EQUIPMENT COMPANY, INC. and VAN THOMAS CONTRACTORS, INC., Defendants

———————————

ASSOCIATED SCAFFOLDERS AND EQUIPMENT COMPANY, INC., Third-Party Plaintiff-Appellant v. COMFORT ENGINEERS, INC., Third-Party Defendant-Appellee

No. COA01-608

(Filed 3 September 2002)

## 1. Indemnity— construction contract—motion for judgment on the pleadings

The trial court did not err in a breach of contract action by granting third-party defendant's N.C.G.S. § 1A-1, Rule 12(c) motion for judgment on the pleadings regarding an indemnity provision in a construction contract, because the indemnification provisions at issue are in violation of N.C.G.S. § 22B-1 and are not severable from the remainder of the contract since the agreements at issue purport to indemnify third-party plaintiff for its own negligent actions.

## 2. Contracts— breach—failure to state a claim

The trial court did not err in a breach of contract action by granting third-party defendant's N.C.G.S. § 1A-1, Rule 12(c) motion for judgment on the pleadings based on third-party plaintiff's failure to state a claim, because: (1) one of the invalid indemnification provisions in the pertinent contract is not sever-

able, rendering the entire contract invalid; and (2) there can be no breach of contract absent the existence of a valid contract.

Chief Judge EAGLES dissenting.

Appeal by third-party plaintiff from order entered 17 March 2000 by Judge James C. Spencer, Jr., in Durham County Superior Court. Heard in the Court of Appeals 15 April 2002.

*Millberg & Gordon, PLLC, by William W. Stewart and John C. Millberg, for the third-party plaintiff.*

*Howard, Stallings, From & Hutson, PA, by B. Joan Davis, Brian E. Moore and Joseph H. Stallings, for the third-party defendant.*

BRYANT, Judge.

On 27 October 1997, third-party defendant Comfort Engineers, Inc., contracted with third-party plaintiff Associated Scaffolders and Equipment Company, Inc., for Associated to erect a scaffold on the campus of the University of North Carolina at Chapel Hill. The scaffold was to be used by Comfort to install an exhaust system at the Medical Sciences Building. The agreement between Comfort and Associated for the erection of the scaffold was memorialized in a written rental agreement prepared by Associated.

While working on the installation project, Comfort employee Jeremy S. Jackson, fell from the scaffold, and died as a result of the fall. Through its insurer, Comfort paid workers' compensation benefits to Jackson's estate.

On 14 April 1999, a representative of Jackson's estate instituted a wrongful death action against Associated and Van Thomas General Contractors, Inc. On 2 July 1999, Associated filed a third-party complaint against Comfort claiming contractual indemnification and breach of contract. Comfort made a motion for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. This matter came on for hearing at the 13 March 2000 session of Durham County Superior Court with the Honorable James C. Spencer, Jr., presiding. By order filed 17 March 2000, Comfort's Rule 12(c) motion was granted.

On 11 December 2000, Jackson's estate settled its suit with Associated and Van Thomas; and that case was voluntarily dismissed

with prejudice. On 10 January 2001, Associated filed notice of appeal from the order granting Comfort's Rule 12(c) motion.

---

Pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure, a court may dispose of claims or defenses when the lack of merit of the claim or defense is apparent upon review of the pleadings. *See* N.C. R. Civ. P. 12(c); *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 67, 516 S.E.2d 911, 913 (1999), *review allowed*, 351 N.C. 99, 540 S.E.2d 351, *aff'd in part as modified*, 351 N.C. 589, 528 S.E.2d 568 (2000). The granting of judgment on the pleadings is proper when there does not exist a genuine issue of material fact, and the only issues to be resolved are issues of law. *Brisson*, at 67, 516 S.E.2d at 913. In reviewing a motion for judgment on the pleadings, the court must consider the evidence in the light most favorable to the non-moving party, accepting as true the factual allegations as pled by the non-moving party. *Id.* at 67-68, 516 S.E.2d at 913.

## I. Indemnification Clause

[1] First, Associated argues that the North Carolina Workers' Compensation Act explicitly recognizes a third-party's right to enforce an express contract of indemnity against an employer. Associated argues that an indemnity provision in a construction contract is valid and enforceable, and is not barred by N.C.G.S. § 22B-1, insofar as it does not purport to indemnify the indemnitee (Associated) for the indemnitee's own negligence. (Both parties concede that the contract at issue is a construction contract.) Associated states that the indemnification clauses on which it relies, does not purport to indemnify Associated for its own negligent acts, but only seeks indemnification for Comfort's negligent acts. In addition, Associated argues that its negligence has not been established as a matter of law, and judgment on the pleadings was inappropriate. We disagree.

N.C.G.S. § 22B-1 (2001) provides in pertinent part:

Any promise or agreement in, or in connection with, a contract or agreement relative to the design, planning, construction, alteration, repair or maintenance of a building, structure, highway, road, appurtenance or appliance, including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee, the promisee's independent contractors, agents, employees, or indemnitees against liability for damages arising out of bodily injury to persons or damage to property

proximately caused by or resulting from the negligence, in whole or in part, of the promisee, its independent contractors, agents, employees, or indemnitees, is against public policy and is void and unenforceable. Nothing contained in this section shall prevent or prohibit a contract, promise or agreement whereby a promisor shall indemnify or hold harmless any promisee or the promisee's independent contractors, agents, employees or indemnitees against liability for damages resulting from the sole negligence of the promisor, its agents or employees.

Associated relies on the following provisions of its contract with Comfort, as evidence of Comfort's obligation to indemnify Associated as relates to the underlying action:

Comfort Engineers will hold harmless and defend Associated Scaffolding Co., Inc. and its agents and employees from all suits and action, including attorney's fees and all costs of litigation and judgment of any name and description arising out of or incidental to the performance of this contract or work performed thereunder.

16. **SAFETY REGULATIONS:** LESSEE SHALL: (1) erect, maintain and use the leased equipment in a safe and proper manner; (2) comply with all applicable laws, ordinances, rules, regulations and orders of any public authority, including, but not limited to, ALL FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT (OSHA) and State regulations, having jurisdiction for the safety of persons or property; and (3) comply with any rules or regulations promulgated by lessor with respect to the leased equipment, its manner of erection and use.

17. Lessee agrees to indemnify and hold lessor free and harmless from any and all liability for loss, damage, or personal injury which results from non-compliance with any portion of this Paragraph, or from non-compliance with any law, regulation or other safety order.

Associated argues before this Court that in its action against Comfort, Associated only seeks indemnification for costs it may incur as a result of Comfort's negligence. Moreover, Associated concedes in its brief that N.C.G.S. § 22B-1 prevents Associated from being indemnified for its own negligence. However, the indemnification provisions at issue here violate N.C.G.S. § 22B-1 and are not severable from the remainder of the contract. Because the agreements at issue here

undeniably purport to indemnify Associated for its *own* actions, they are void and unenforceable under this statute.

The case of *Miller Brewing Co. v. Morgan Mechanical Contractors, Inc.*, 90 N.C. App. 310, 368 S.E.2d 438 (1988), is more applicable to the instant case than the case relied on by Associated, *Bridgestone/Firestone, Inc. v. Ogden Plant Maint. Co. of N.C.*, 144 N.C. App. 503, 548 S.E.2d 807, *review on add'l issues denied*, 354 N.C. 360, 556 S.E.2d 297 (2001), *aff'd*, 355 N.C. 274, 559 S.E.2d 786 (2002) (per curiam). In *Miller*, the plaintiff filed a declaratory judgment action seeking to pursue indemnification from a contractor, Morgan Mechanical, after one of Morgan's employees was injured on the plaintiff's premises. *See Miller* at 311, 368 S.E.2d at 438. The indemnification provisions were on the back of the contract, and stated:

> Seller is to save harmless and indemnify Buyer from any and all judgments, costs, expenses, including attorneys' fees, and claims on account of damaged property or personal and bodily injuries (including death) which may be sustained by Seller, Buyer, Seller's or Buyer's employe [sic], or other persons arising out of or in any way connected with the work done or goods furnished under this [agreement] . . . .

*Id.* at 313, 368 S.E.2d at 438. This Court held that these provisions were invalid under N.C.G.S. § 22B-1, and were not converted into an "insurance contract" by language requiring that Morgan obtain insurance to cover any such losses. *Id.* at 316-17, 368 S.E.2d at 439.

The contract language at issue here is not distinguishable in any meaningful respect from the language this Court held void in *Miller*. In addition, the related agreement under which Comfort leased equipment for the job, contained similar provisions, and included the language, "PURPOSE OF THIS CLAUSE: IT IS THE PURPOSE OF THIS CLAUSE TO SHIFT THE RISK OF ALL CLAIMS RELATED TO THE LEASED PROPERTY TO THE LESSEE [Comfort] DURING THE ENTIRE TERM OF THE LEASE."

Comfort argues that the language which violates N.C.G.S. § 22B-1 is not severable from the remainder of the contract. We agree with this argument since, as Comfort points out, we would be required to add language, rather than simply excise portions of the agreements which violate the statute. *See Carson v. National Co.*, 267 N.C. 229, 233, 147 S.E.2d 898, 901 (1966) ("Courts cannot under the guise of construction rewrite contracts executed by the litigants."). The trial

court correctly granted the motion for judgment on the pleadings in favor of Comfort. This assignment of error is therefore overruled.

## II. Breach of Contract

[2] Second, Associated argues that its pleadings adequately state a claim that Comfort breached its contract to maintain and use the scaffold in accordance with OSHA and other applicable safety regulations.

"To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach." *Claggett v. Wake Forest University,* 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997).

However, as previously stated, one of the invalid indemnification provisions is not severable from the contract at issue here, rendering the entire contract invalid. As there can be no breach of contract absent the existence of a valid contract, this assignment of error is overruled.

AFFIRMED.

Judge HUDSON concurs.

Chief Judge EAGLES dissents with a separate opinion.

EAGLES, Chief Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the illegal part of the contract cannot be severed from the rest of the contract. First, the illegal provision is not a central feature of the contract, so it may be severed. Second, the contract may be fully enforced without the illegal section since no other part of the contract would be affected by removal of the offending paragraph.

All parties concede that Paragraph 15 of the contract is illegal under G.S. § 22B-1, because it indemnifies Associated from its own negligence. The other two indemnification clauses referred to in the majority opinion do not violate the mandate of G.S. § 22B-1. Paragraphs 16 and 17 of the contract indemnify the lessor for liability for personal injury as a result of the lessee's failure to comply with

safety regulations. Since these provisions are enforceable, I vote to sever the unenforceable paragraph and leave the remainder of the contract intact.

First, the indemnity agreement in Paragraph 15 of the contract is not a central feature of the contract. The overall purpose of the contract concerns the lease of scaffolding equipment, not the division of liability. When a contract provision violates G.S. § 22B-1, but is not a central feature of that contract, the illegal provision is severable from the otherwise valid agreement. *See International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 315-16, 385 S.E.2d 553, 555 (1989). Since the indemnification clause of Paragraph 15 is not a central feature of the contract, it is severable.

"When a contract contains provisions which are severable from an illegal provision and are in no way dependent upon the enforcement of the illegal provision for their validity, such provisions may be enforced." *Rose v. Materials Co.*, 282 N.C. 643, 658, 194 S.E.2d 521, 531-32 (1973). Here, Paragraph 15 of the contract is an illegal provision. However, its enforcement is not dependent on any other provision of the contract. Paragraph 15 may be removed, leaving the rest of the contract fully enforceable, since the remainder of the contract is not dependent on the existence of Paragraph 15.

I disagree with the majority's opinion that this Court would be required to add language to the contract, instead of severing the one paragraph that violates G.S. § 22B-1. In this case Paragraph 15 is a specific and distinct part of the contract which may be severed without any great difficulty. Once the illegal portion is removed, "the contract will be given effect as if the provision so violative of public policy had not been included therein." *Gore v. Ball, Inc.*, 279 N.C. 192, 203, 182 S.E.2d 389, 395 (1971). There is no necessity to add language to the contract in order to enforce it. Instead, the lease contract would be interpreted as if Paragraph 15 never existed, with Paragraphs 16 and 17 constituting the parties' indemnity agreement.

For these reasons, I would sever Paragraph 15 from the remainder of the contract, reverse the trial court, and remand for a hearing to determine defendant-appellee's liability.