SilverDeer, LLC v. Berton, 2014 NCBC 14.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 3539

SILVERDEER, LLC, et al,                    )
                     Plaintiffs      )
                                  )
           v.                   )
                                  )
                                  )
ROBERT BERTON, et al,                     )
                     Defendants   )

**OPINION AND ORDER ON MOTION
FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER comes before the court upon the Berton Defendants'[1] Motion for Judgment on the Pleadings ("12(c) Motion") pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure ("Rule(s)"). The 12(c) Motion seeks an order of this court regarding the Plaintiffs' remaining claims for fraud and unfair and deceptive trade practices.

THE COURT, after considering the 12(c) Motion, briefs in support and in opposition thereof, other appropriate matters of record and the ends of justice, CONCLUDES that the motion should be GRANTED for the reasons stated herein.

*Howard A. Jacobson, Esq., for Plaintiffs.*

*Brown & Bunch, PLLC, by Charles Gordon Brown, Esq., for Defendants CGR Partners, LLC, Steven Reinhard, Dale Carey and Robert Glosson.*

*Law Offices of James C. White P.C., by James C. White, Esq. and Michelle M. Walker, Esq. for Defendants Robert Berton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht and Michael Utecht.*

Jolly, Judge.

---

[1] Robert Berton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht and Michael Utecht.

PROCEDURAL HISTORY

[1]     On March 2, 2011, Plaintiffs SilverDeer, LLC ("SilverDeer"); SilverDeer Builders, LLC; Lakebound Fixed Return Fund, LLC ("Lakebound"); SilverDeer Management, LLC ("Management"); SilverDeer Carolinas Caribbean Fund I, LLC, Plantation Partners, LLC (collectively, "SilverDeer Companies") and Howard A. Jacobson ("Jacobson") filed a Complaint against Defendants Robert Berton, Eldon Bolton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht, Michael Utecht, Alan Woltman (collectively, "Berton Defendants"); CGR Partners, LLC, Steven Reinhard, Dale Carey, Robert Glosson (collectively, "CGR Defendants"); VisionQuest Wealth Management, LLC, VisionQuest Capital, LLC and Steven C. Peters ("Peters") (collectively, "VisionQuest Defendants") and Ralph J. DiLeone ("DiLeone").

[2]     Plaintiffs later filed a First Amended Complaint as to All Defendants Except DiLeone on January 5, 2012.[2]

[3]     The Amended Complaint alleges ten causes of action ("Claim(s)") against the Defendants: First Cause of Action (Malicious Prosecution by all Defendants) ("Claim One"); Second Cause of Action (Defamation by all Defendants Except DiLeone and White)[3] ("Claim Two"); Third Cause of Action (Fraud) ("Claim Three");  Fourth Cause of Action (Declaratory Judgment) ("Claim Four"); Fifth Cause of Action (Negligence by DiLeone) ("Claim Five"); Sixth Cause of Action (Breach of Contract by the VQ Entities

---

[2] On January 10, 2012, Plaintiffs filed a Corrected First Amended Complaint ("Amended Complaint").  The technical corrections are not material to the issues in this Opinion and Order.

[3] James C. White, Esq., is not a named party to this action. Plaintiffs withdrew a Motion to Amend Complaint filed June 29, 2013, that would have added him as a defendant.

and Peters) ("Claim Six"); Seventh Cause of Action (Fraud by Peters and the VQ Entities) ("Claim Seven"), Eighth Cause of Action (Breach of Fiduciary Duty by Peters) ("Claim Eight"), Ninth Cause of Action (Unfair and Deceptive Trade Practices by Berton, CGR Partners, Reinhard, Carey, Glosson, Gillis, Gould, Levin, C. Utecht, DiLeone, Peters, VisionQuest Wealth and VisionQuest Capital) ("Claim Nine"); Tenth Cause of Action (Tortious Interference with Prospective Economic Advantage) ("Claim Ten"), Eleventh Cause of Action (Abuse of Process by all Defendants except DiLeone) ("Claim Eleven") and Twelfth Cause of Action (Violation of Chapter 78C by Peters and the VisionQuest Defendants as to Lakebound and SilverDeer Management only) ("Claim Twelve").

[4]     On April 24, 2013, the court entered an order granting the Berton Defendants', CGR Partners', and Defendant DiLeone's Motions to Dismiss as to all Claims except those for fraud ("Claim Three") and unfair and deceptive trade practices ("Claim Nine").[4] Claims Three and Nine thus remain outstanding as to the Berton Defendants.

[5]     On June 7, 2013, the Berton Defendants filed the instant Rule 12(c) Motion.

[6]     On June 18, 2013, Plaintiffs filed a Stipulation of Dismissal with Prejudice as to all Claims against CGR Defendants.

[7]     On June 29, 2013, Plaintiffs filed a Motion to Amend Complaint ("Motion to Amend"). On February 6, 2014, Plaintiffs filed a Partial Withdrawal of Motion to Amend

---

[4] Opinion and Order, 2013 NCBC 24 (Apr. 24, 2013) ("Opinion"). The Opinion also dismissed all claims against the VisionQuest Defendants. *Id.*

Complaint, by which Plaintiffs withdrew their request to join James White, Esq. ("White"), as a Defendant in this action.

[8]     On July 10, 2013, the Berton Defendants filed a Motion for Protective Order and to Seal Documents ("Protective Order Motion").  Defendants amended the Motion on July 31, 2013.

[9]     On July 15, 2013, Plaintiff SilverDeer filed a Motion to Reconsider, in Part, Plaintiffs' Prior Motion to Compel Against All Defendants and New Motion to Compel Against Third-Party Richard Deckelbaum[5] ("First Motion to Compel").

[10]    On August 9, 2013, Plaintiff SilverDeer filed a Motion to Compel Answers to Deposition Questions and For Extension of Deadlines and for Sanctions ("Second Motion to Compel").

[11]    On September 10, 2013, Plaintiffs dismissed all Claims in this action against Defendant DiLeone.

[12]    The aforementioned motions have been fully briefed and are ripe for determination.

### FACTUAL BACKGROUND

Among other things, the Amended Complaint alleges that:

[13]    This case arises out of two civil actions previously filed by a majority of the named Defendants, their managers and related companies (collectively, "Previous Actions").[6] All Plaintiffs to this action were named defendants in the Previous Actions.[7]

---

[5] A non-party.
[6] Berton, et al. v. Jacobson, et al., Wake County No. 09 CVS 10870 ("*Berton* Action") and Shareff v. Lakebound Fixed Return Fund LLC, et al., Wake County No. 09 CVS 9983 ("*Shareff* Action").
[7] All Plaintiffs in this action were named defendants in the *Berton Action*. Plaintiffs SilverDeer, Management, Lakebound, and Jacobson were named defendants in the *Shareff* Action.

[14] The Previous Actions were based on alleged mismanagement that resulted in a failed multimillion dollar real estate investment project.

[15] All Defendants in this action, with the exception of DiLeone, acted in concert and by agreement to file the Previous Actions.[8]

[16] In March 2010, Defendants, as plaintiffs in the Previous Actions, entered into settlement negotiations with Richard Deckelbaum ("Deckelbaum"), a member-manager of SilverDeer, and his counsel DiLeone.[9]

[17] Deckelbaum and Jacobson were the only member-managers of SilverDeer.

[18] In July 2010, Deckelbaum signed settlement agreements between the Berton Defendants and SilverDeer, resulting in the purported settlement in the Previous Actions ("Settlement").[10]

[19] The Berton Defendants knew that SilverDeer was represented in the previous actions by separate counsel and did not consult with SilverDeer's counsel during the negotiations with Deckelbaum.[11]

[20] Plaintiffs in this action (SilverDeer Companies and Jacobson) presently allege Claims for fraud (Claim Three) and unfair and deceptive trade practices (Claim Nine) against the Berton Defendants.

---

[8] Am. Compl. ¶ 33.
[9] *Id.* ¶ 53.
[10] Am. Compl. ¶ 55.
[11] *Id.* ¶ 56.

## DISCUSSION

[21]    The Berton Defendants seek judgment on the pleadings under Rule 12(c). They contend that (a) they had no duty to disclose the settlement negotiations to Plaintiff Jacobson or Plaintiff SilverDeer's attorneys, (b) Plaintiffs are judicially estopped from asserting a Claim for fraud and (c) the Claim for unfair and deceptive trade practices fails because the settlement negotiations were conducted exclusively through attorneys and the settlement was not "in or affecting commerce."

## Legal Standard

[22]    Judgment under Rule 12(c) is appropriate when "all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Erie Ins. Exch. v. Builders Mut. Ins. Co.*, __ N.C. App. __, __, 742 S.E.2d 803, 807 (2013) (internal quotations and citations omitted).  "The standard of review for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6)."  *Akzo Nobel Coatings Inc. v. Rogers*, 2011 NCBC 41 ¶ 32 (N.C. Super. Ct. Nov. 3, 2011).

[23]    When deciding a motion under Rule 12(c), all facts and inferences must be viewed in the light most favorable to the nonmovant.  *Am. Bank & Trust Co. v. Elzey*, 26 N.C. App. 29, 32 (1975) (internal citations omitted).

[24]    A court may dispose of a claim if a review of the pleadings reveals a lack of merit. *Jackson v. Assoc. Scaffolders & Equip. Co.,* 152 N.C. App. 687, 689 (2002).

[25]    The court will examine Claims Three and Nine in turn.

<u>Claim Three – Fraud</u>

[26]     Plaintiffs allege that the Berton Defendants committed fraud in connection with the Settlement Agreements executed in the Previous Actions.  More specifically, Plaintiffs allege that Deckelbaum and Defendants entered into Settlement Agreements affecting the rights of SilverDeer and fraudulently concealed those negotiations from SilverDeer.[12]

[27]     Under North Carolina law, a successful fraud claim must show (a) a false representation or concealment of a material fact, (b) that is reasonably calculated to deceive, (c) is made with intent to deceive, (d) that does in fact deceive and which (e) results in damage to the injured party.  *Isbey v. Cooper Cos., Inc.*, 103 N.C. App. 774, 776 (1991) (internal citations omitted).

[28]     A claim for fraud may be based on a failure to disclose a material fact only where parties had a duty of disclosure. *Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 696 (2009). Such a duty arises: (a) when the parties have a fiduciary relationship, (b) where a party to an arms-length transaction "has taken affirmative steps to conceal material facts from the other" or (c) where a party knows of a "latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence." *Harton v. Harton*, 81 N.C. App. 295, 297–98 (1986).

[29]     Here, Plaintiffs do not allege that a fiduciary relationship existed by virtue of their relationship to the Berton Defendants.  Even if such a relationship existed, it ended the moment that the parties became adversaries in the Previous Actions. *Hardin*, 199 N.C. App. at 697. Further, "[n]o negotiation could be more arms length" than

---

[12] *Id.* ¶ 44.

settlement discussions during ongoing litigation. *Id.* It would thus contradict established principles of civil litigation to impose such a fiduciary obligation here.

[30]     Similarly, there is no allegation that Berton Defendants took "affirmative steps" to conceal any material fact regarding settlement negotiations from Plaintiff SilverDeer. SilverDeer was fully informed of the negotiations via Deckelbaum.[13] The Berton Defendants were not under any obligation to reach out to SilverDeer's counsel.[14]

[31]     Finally, there is no alleged "latent defect" about which either party was unaware, given that the facts as alleged indicate that both SilverDeer and the Berton Defendants were fully informed regarding the settlement negotiations.

[32]     The court is persuaded that, notwithstanding its earlier Opinion denying the Berton Defendants' Rule 12(b)(6) motion as to the fraud Claim, the Berton Defendants' current motion under Rule 12(c) has merit.[15]

[33]     Accordingly, the court concludes that the Berton Defendants' Rule 12(c) Motion as to Plaintiffs' Claim Three should be GRANTED.

[34]     In view of this ruling, the court need not address Defendants' argument that Plaintiffs are judicially estopped from asserting a fraud Claim.

---

[13] Given that SilverDeer, LLC is inherently a separate entity and Mr. Jacobson was not part of the settlement transaction, he cannot claim that he was personally owed a duty of disclosure by Berton Defendants.

[14] The Berton Defendants themselves are not subject to the Rules of Professional Conduct. Plaintiffs' claim that Defendants' attorneys violated Rule 4.2 of the North Carolina Rules of Professional Conduct, thereby giving rise to a claim for fraud under this prong, is without merit. Plaintiff provides no basis for vicarious liability of the Berton Defendants through the conduct of defense counsel, and White has not been made a party to this action.

[15] Pursuant to Rule 54(b), an order may be revised by the court at any time before the entry of a final judgment.

## Claim Nine – Unfair and Deceptive Trade Practices

[35]     Plaintiffs also allege a Claim for unfair or deceptive trade practices under N.C. Gen. Stat. 75-1.1 ("Chapter 75 Claim") against certain Berton Defendants.[16]  In order to state a Chapter 75 Claim, the Plaintiffs must allege that the Defendants committed an unfair or deceptive act or practice, in or affecting commerce and that the plaintiff was injured as a result.  *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 439 (2005); N.C. Gen. Stat. 75-1.1(a).  An unfair trade practice is one that "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *Edwards v. West*, 128 N.C. App. 570, 574 (1998) (quoting *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 263 (1980), *overruled on other grounds*) (internal quotations and citations omitted).  Determining whether an act or practice is unfair or deceptive is a question of law and such claims are regularly dismissed upon a Rule 12 motion.

[36]     As stated in this court's April 24, 2013 Opinion and Order, Plaintiffs' Claim Nine is derivative of their other Claims, specifically Claim Three for fraud,[17] and therefore rises and falls with those Claims.  *Governor's Club, Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 255 (2002) (affirming the dismissal of a Chapter 75 claim where it was derivative of a constructive fraud claim that was dismissed pursuant to Rule 12(b)(6)).  As such, the disposition of Plaintiffs' fraud Claim as to each set of Defendants determines the disposition of Plaintiffs' Chapter 75 Claim as to those same Defendants.  As reflected above in this Opinion and Order, the court is granting Rule

---

[16] Richard Berton, Daniel Gillis, Wayne Gould, Eric M. Levin, and Constance Utecht are the only remaining Berton Defendants against whom Claim Nine is alleged.
[17] Opinion ¶ 76.

12(c) judgment in favor of the Berton Defendants' with regard to Claim Three, which was the only previously-remaining Claim against the Berton Defendants. Consequently, there exist no further Claims in this action as to those Defendants, and there is nothing left to support a Chapter 75 Claim against them.

[37]    Accordingly, the Berton Defendants' Rule 12(c) Motion as to Plaintiffs' Claim Nine should be GRANTED.

NOW THEREFORE, based on the foregoing, it hereby is ORDERED that:

[38]    The Berton Defendants' Motion for Judgment on the Pleadings is GRANTED as to Plaintiffs' Claim Three and Claim Nine, and said Claims are DISMISSED as to them.

[39]    This Opinion and Order disposes of all remaining Claims in this civil action against Defendants Robert Berton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht, and Michael Utecht. Accordingly, as to each of said Defendants, this civil action is DISMISSED.

[40]    Upon entry of this Opinion and Order, the Berton Defendants' Protective Order Motion (as amended on July 31, 2013) is MOOT and therefore should be considered DENIED.

[41]    Plaintiffs' First and Second Motions to Compel are DENIED.

[42]    Plaintiffs' Motion to Amend Complaint is DENIED.

[43]    There remain no further Claims in this civil action, and this matter hereby is DISMISSED in its entirety.

[44]    Taxable costs are taxed against Plaintiffs.

SO ORDERED, this the 7th day of May, 2014.