An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-383

Filed 5 November 2025

Craven County, No. 24CVS001233-240

J.S., BY AND THROUGH HER GUARDIAN AD LITEM, LORINE PETTY-STATEN, Plaintiff,

v.

SUNSHINE SCHOLARS ACADEMY, LLC, Defendant.

Appeal by Plaintiff from order entered 10 January 2025 by Judge Augustus Willis in Craven County Superior Court. Heard in the Court of Appeals 24 September 2025.

>  *Lanier Law Group, P.A., by Ashley Hartman Sappenfield, for plaintiff-appellant.*
>
>  *Fox Rothschild LLP, by Kip D. Nelson; Paulen Solidarity Law, by Jamie L. Paulen, for defendant-appellee.*

STADING, Judge.

Plaintiff appeals the trial court's order dismissing Plaintiff's complaint with prejudice. For the following reasons, we reverse the trial court's order.

## I.    Background

This case concerns a negligence action brought by J.S.,[1] by and through her guardian ad litem, Lorine Petty-Staten ("Plaintiff"), against Sunshine Scholars Academy, LLC ("Defendant").

The complaint alleged J.S. was enrolled for childcare services at Defendant's facility, where "coloring was a common activity[.]"  On 23 October 2023, J.S. went to the doctor for a fever.  A crayon was discovered lodged in J.S.'s right ear.  This crayon allegedly "matched one of the colorings" J.S. had previously brought home from Defendant's facility.  According to the complaint, J.S. "was not allowed to color at home and had not been to other locations where coloring was occurring."

The complaint further alleged Defendant owed a duty to J.S. "to provide proper childcare and supervision and to keep the daycare in a safe condition."  It also alleged Defendant's conduct was negligent because it failed to provide a safe environment for J.S., failed to properly supervise J.S., failed to intervene to protect J.S., and failed to discover and remove the crayon.  According to the complaint, J.S was injured as a "direct and proximate cause of Defendant's negligent actions and omissions," and thus J.S. incurred "significant medical and other, physical, mental, and emotional pain and suffering, all in . . . an amount in excess of Twenty-Five Thousand Dollars[.]"

---

[1] A pseudonym is used to protect the minor child's identity.  *See* N.C. R. App. P. 42(b).

Defendant moved to dismiss the complaint under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2023). Defendant also moved for sanctions under N.C. Gen. Stat. § 1A-1, Rule 11 (2023), noting the complaint stated Defendant had been properly served, but in fact, had not yet been served. In the alternative, Defendant moved to strike allegations in the complaint. Defendant later amended its motion to dismiss, omitting its Rule 11 motion and motion to strike.

Plaintiff moved for leave to amend the complaint with a "Proposed Amended Complaint" containing the same information as the original but signed 10 January 2025. Nonetheless, that same day, Defendant's motion to dismiss was calendared for a hearing before the trial court. When Plaintiff's counsel brought up the amended complaint, the trial court did not consider Plaintiff's motion to amend her complaint "based on lack of notice and it being untimely." At the conclusion of the hearing, the trial court dismissed Plaintiff's complaint with prejudice for failure to state a claim under Rule 12(b)(6). Plaintiff appealed.

## II. Jurisdiction

This Court has jurisdiction to hear this case pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023) ("[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a superior court[.]"). "A dismissal of a previous action 'with prejudice' constitutes a final judgment on the merits." *Miller Bldg. Corp. v. NBBJ, Inc.*, 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) (citation omitted).

### III.  Analysis

Plaintiff argues the trial court erred in granting Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim.  Plaintiff also contends the trial court should have granted its motion to amend its complaint before granting Defendant's motion to dismiss.  However, since we reverse the granting of Defendant's motion to dismiss, we decline to address Plaintiff's alternative argument.

### A.  Motion to Dismiss

"The standard of review of an order granting a Rule 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true."  *Bill Clark Homes of Raleigh, LLC v. Town of Fuquay-Varina*, 281 N.C. App. 1, 5, 869 S.E.2d 1, 3 (2021) (citation omitted).  "In order to withstand such a motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim."  *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).  "This Court must conduct a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."  *First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 189, 749 S.E.2d 289, 291 (2013) (citation omitted); *see also Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679–80, 878 S.E.2d 798, 800 (2022).

A pleading alleging a claim must contain a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]"  N.C. Gen. Stat. § 1A-1, R. 8(a)(1) (2023).  For the purposes of Rule 8, North Carolina follows the "notice theory of pleading." *Sutton v. Duke*, 277 N.C. 94, 100, 176 S.E.2d 161, 164 (1970).  Pursuant to the "'notice theory of pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought[.]"  *Id.* at 102, 176 S.E.2d at 165 (citation and quotation marks omitted).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 102, 176 S.E.2d at 165–66 (citation and quotation marks omitted); *see also Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (citations omitted) ("A complaint should not be dismissed under Rule 12(b)(6) 'unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim.'"); *see also Acosta v. Byrum*, 180 N.C. App. 562, 567, 638 S.E.2d 246, 250 (2006) (citation omitted) ("[N]otice pleadings 'need not contain detailed factual allegations to raise issues.").  "The system of notice pleading affords a sufficiently liberal

construction of complaints so that few fail to survive a motion to dismiss." *Kellenberger*, 314 N.C. at 481, 334 S.E.2d at 755.

That said, under Rule 12(b)(6), a complaint is properly dismissed if one of "three conditions [are] satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim." *Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986). "In ruling upon a dismissal motion filed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), 'the well-pleaded material allegations of the complaint are taken as true; but conclusions of law or unwarranted deductions of fact are not admitted.'" *Azure Dolphin, Ltd. Liab. Co. v. Barton*, 371 N.C. 579, 599, 821 S.E.2d 711, 725 (2018) (citation omitted).

The trial court's dismissal order concluded "Plaintiff's complaint failed to state a claim upon which relief could be granted." "The common law claim of negligence has three elements: (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that legal duty, and (3) injury proximately caused by the breach." *Keith v. Health-Pro Home Care Servs.*, 381 N.C. 442, 450, 873 S.E.2d 567, 574 (2022) (citation omitted). Therefore, to withstand a motion to dismiss, Plaintiff needed to allege "the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain

actual injury or loss sustained by the plaintiff." *Sterner v. Penn*, 159 N.C. App. 626, 629, 583 S.E.2d 670, 673 (2003) (citation omitted).

Plaintiff's complaint alleged negligent supervision of a minor child with the following factual allegations:

> 8. In Fall 2023, Minor Plaintiff was enrolled for child care services at [ ] Defendant Facility.
>
> 9. Upon information and belief, coloring was a common activity of the children enrolled in Defendant Facility.
>
> 10. On or about October 23, 2023, Minor Plaintiff was taken to the doctor for a fever. Minor Plaintiff was found to have a dark colored crayon lodged in her right ear.
>
> 11. The dark colored crayon matched one of the colorings from Defendant Facility that [ ] Minor Plaintiff had previously brought home.
>
> 12. Minor Plaintiff was not allowed to color at home and had not been to other locations where coloring was occurring.

Considering Defendant's duty, "day care providers have a duty to abide by that standard of care which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances." *Pruitt by Pruitt v. Powers*, 128 N.C. App. 585, 590, 495 S.E.2d 743, 747 (1998) (citation and quotation marks omitted). Plaintiff alleged J.S. was enrolled for childcare services at Defendant's facility during the Fall of 2023, the same time period when the crayon was discovered by the doctor on October 23, 2023. Therefore, taken as true, Plaintiff's allegation established that Defendant owed a duty of care to J.S.

Plaintiff's complaint also sufficiently pled Defendant breached its duty owed to J.S. *See Hinson v. Jarvis*, 190 N.C. App. 607, 609, 660 S.E.2d 604, 606 (2008) (quoting *Bowen v. Mewborn*, 218 N.C. 423, 427, 11 S.E.2d 372, 374–75 (1940) (citation omitted)) ("'Actionable negligence in the law of torts is a breach of some duty imposed by law or a want of due care—commensurate care under the circumstances—which proximately results in injury to another.'"). Here, Plaintiff alleged Defendant breached its duty as follows: failed to provide a safe environment, failed to properly supervise, and failed to protect and failed to intervene to protect J.S.[2] Additionally, Plaintiff's complaint alleged, under Defendant's care, a crayon from the facility was inserted into J.S.'s ear: "[t]he dark crayon matched one of the colorings from Defendant Facility that [ ] Minor Plaintiff had previously brought home."

Next, causation is sufficiently alleged in Plaintiff's complaint. "The test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant." *Demarco v. Charlotte-Mecklenburg Hosp. Auth.*, 268 N.C. App. 334, 341, 836 S.E.2d 322, 327–28 (2019). Here, Plaintiff alleged, "[a]s a direct and proximate cause of Defendant's negligent actions and omissions, Minor Plaintiff was injured." We hold no unwarranted deduction is required to support the causation element pled by

---

[2] Plaintiff also alleged Defendant "[e]ngaged in conduct not set out herein which may be revealed in discovery; and [e]ngaged in conduct arising to the level of negligence in other and further ways as the evidence will show and to be proven at trial."

Plaintiff. *See Id.* at 341, 836 S.E.2d at 328 ("Because the complaint adequately recites the element of causation, an issue of fact for the jury to decide, plaintiff has made a sufficient pleading of causation under Rule 12(b)(6).").

Last, Plaintiff's complaint sufficiently alleged damages. "An allegation of damages is sufficient under Rule 12(b)(6) 'so long as it provide[s] the defendant notice of the nature and basis of plaintiff['s] claim so as to enable him to answer and prepare for trial.'" *Id.* at 341–42, 836 S.E.2d at 328 (citations omitted and alterations in original). Here, Plaintiff alleged, "[a]s a direct and proximate result of Minor Plaintiff's injuries, Minor Plaintiff has incurred significant medical and other expenses, physical, mental, and emotional pain and suffering, all in an amount to be determined by a jury . . . an amount in excess of Twenty-Five Thousand Dollars ($25,000.00)."

We hold Plaintiff's complaint includes adequate facts to provide sufficient notice of its negligence claim to enable Defendant to answer and prepare for trial under the notice pleading standard. *See Sutton*, 277 N.C. at 100, 176 S.E.2d at 164.

## IV. Conclusion

For the reasons above, we reverse the trial court's order dismissing Plaintiff's negligence claim and remand for further proceedings.

REVERSED AND REMANDED.

Judge CARPENTER concurs.

Judge TYSON concurring in result only by separate opinion.

Report per Rule 30(e).

TYSON, Judge, concurring in the result.

I concur with the majority's decision to reverse the trial court's order dismissing Plaintiff's negligence claim and to remand for further proceedings. I write separately to emphasize the trial court's prejudicial error by dismissing Plaintiff's negligence claim *with prejudice.*

Defendant has not filed a responsive pleading, only a motion to dismiss. "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" N.C. Gen. Stat. § 1A-1, Rule 15(a) (2023). "For purposes of this rule, a Rule 12(b)(6) motion to dismiss is not a 'responsive pleading' and, thus, 'does not itself terminate plaintiff's unconditional right to amend a complaint under Rule 15(a).'" *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 68, 516 S.E.2d 911, 913 (1999), *aff'd in part and modified on other grounds*, 351 N.C. 589, 528 S.E.2d 568 (2000) (quoting *Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987)).

In *Brisson*, the plaintiffs' initial complaint asserting medical malpractice and loss of consortium purportedly "failed to comply with the Rule 9(j) certification requirement." *Id.* Defendants subsequently "filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim." *Id.*

This Court, relying on Rule 15(a) and *Johnson*, concluded the "defendants had not filed any responsive pleading when plaintiffs filed their motion to amend and

Proposed First Amended Complaint." *Id.* at 68, 516 S.E.2d at 914. This Court held the "plaintiffs were not required to seek the court's permission to amend their complaint, and the court's ruling prohibiting such an amendment was error." *Id.* at 68-69, 516 S.E.2d at 914.

Here, as in *Brisson*, the trial court erred by not recognizing Plaintiff possessed the right to amend its complaint where Defendant had not served a responsive pleading and by granting Defendant's Rule 12(b)(6) motion to dismiss *with prejudice. Id.*

Upon remand, the case should proceed on the amended complaint, which Plaintiff had the absolute right to file without leave of the court prior to any responsive pleading being filed by Defendant. *Id.* The original complaint is moot, since the amended complaint was filed as a matter of right and supersedes it. *Id.* I concur in the result to reverse and remand since Plaintiff had the right to amend its complaint without leave of the court and its dismissal *with prejudice* is error.